UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP RANDALL TILLIE,

    Plaintiff,

v.

                                                      Case No. 1:24-cv-625

MIKE LOFTON, et al.,
                                                      Hon. Hala Y. Jarbou

    Defendants.
_____/

## ORDER

On April 15, 2025, Magistrate Judge Sally Berens issued a report and recommendation ("R&R") that Defendant Carol Kenison's summary judgment motion be granted in part and denied in part. (R&R, ECF No. 38.) Defendant moved for summary judgment on Plaintiff's claim that she violated the Eighth Amendment by placing him on suicide watch. She also argued that Plaintiff failed to exhaust his administrative remedies for his claims against her. The magistrate judge concluded that Kenison is entitled to summary judgment on the claim regarding suicide watch, but that she is not entitled to summary judgment on her defense that Plaintiff failed to exhaust his administrative remedies. Before the Court are Plaintiff's objections to the R&R (ECF No. 39). For the reasons below, the Court adopts the R&R in part and grants the motion in part.

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In his complaint, Plaintiff alleges that Kenison (who is identified in the complaint as "Unknown Physc." and "Unknown QMHP") "stood by and watched" when other prison officials

physically assaulted Plaintiff and visibly injured him. (*See* Compl., ECF No. 1, PageID.3, 10.) Apparently, she did not assist Plaintiff. Instead, she approved him for placement on suicide watch based solely on the word of another officer, though Plaintiff contends he told her he was not suicidal.

Construing the complaint generously, Plaintiff claims Kenison violated the Eighth Amendment by (1) failing to intervene to protect Plaintiff from harm inflicted by other officials, (2) approving Plaintiff for placement on suicide watch, and (3) not treating the injuries Plaintiff sustained from the assault by the other officers.

When discussing the merits of Plaintiff's claims, Defendant Kenison's motion focused solely on the claim regarding placement on suicide watch. (*See* Def.'s Summ. J. Br. 8-10, ECF No. 29 ("Plaintiff's Eight[h] Amendment violation is based solely on the basis that Defendant Kenison placed him on suicide watch, even though he denied being suicidal.").) The magistrate judge concluded that placement on suicide watch does not give rise to an Eighth Amendment claim. (R&R 8-9.) However, the magistrate judge erroneously stated that dismissal of that claim would mean that the only claim remaining against Kenison is Plaintiff's claim for "failure to intervene/protect." (*Id.* at 9.) The magistrate judge failed to mention that Plaintiff's claim regarding Kenison's failure to treat his injuries would also remain.

Objection 1

Plaintiff objects that the magistrate judge "did not consider the record in its entirety." (Pl.'s Objs. 2.) By this, he means that the magistrate judge did not consider his claims that Kenison (1) failed to intervene to protect him from harm caused by other officials and (2) failed to treat his injuries. However, the magistrate judge did not consider these other claims because they were not the target of Kenison's motion. Indeed, the R&R only recommends dismissal of Plaintiff's claim that "Defendant Kenison violated his Eighth Amendment rights by placing him on suicide

2

[watch]." (R&R 9.) It does not recommend dismissal of any other claim against Kenison. Thus, Plaintiff's objection is irrelevant to the outcome. That said, the Court will clarify that Plaintiff has a claim remaining for failure to treat his injuries, as well as a claim for failure to intervene.

Objection 2

Next, Plaintiff argues that the magistrate judge erred by construing Kenison's motion as one for relief under Rule 12(b)(6) rather than one for relief under Rule 56. Kenison cited Rule 56 as the basis for her motion and Plaintiff responded accordingly, providing evidence to support his claim. The magistrate judge evaluated Kenison's exhaustion defense under the standard in Rule 56, but when examining the merits of Plaintiff's claim about placement on suicide watch, the magistrate judge applied the standard in Rule 12(b)(6) because Plaintiff had not been afforded discovery and because Kenison's arguments attacked the sufficiency of the complaint. (R&R 6-7.)

The Court agrees that the magistrate judge erred by applying a different standard than the one presented in the motion. The Court is aware of no authority permitting a court to treat part of a Rule 56 motion as a motion under Rule 12. Nevertheless, the error was harmless here because the result is the same even under the Rule 56 standard. The magistrate judge cited cases explaining that placement on suicide watch for illegitimate reasons does not give rise to an Eighth Amendment claim because it does not subject a prisoner to the unnecessary and wanton infliction of pain necessary to meet the threshold for cruel and unusual punishment. (R&R 8-9.) Neither Plaintiff's response to the motion for summary judgment nor Plaintiff's objections to the R&R provide any basis for questioning that conclusion.

Accordingly,

3

**IT IS ORDERED** that the R&R (ECF No. 38) is **ADOPTED IN PART** and **REJECTED IN PART**. The R&R is rejected insofar as it purports to evaluate the sufficiency of Plaintiff's complaint under Rule 12(b)(6). The R&R is also rejected insofar as it concludes that the "only" claim remaining against Kenison after dismissal will be a "failure to intervene/protect" claim. (R&R 10.) The R&R is adopted insofar as it concludes that (1) Defendant Kenison has not shown she is entitled to summary judgment on the basis of exhaustion and (2) the Court should dismiss Plaintiff's claim that Kenison violated the Eighth Amendment by placing Plaintiff on suicide watch.

**IT IS FURTHER ORDERED** that Defendant Kenison's motion for summary judgment (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein and in the R&R.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim against Defendant Kenison regarding placement on suicide watch is **DISMISSED**. Plaintiff's other Eighth Amendment claims against Kenison remain pending, specifically: (1) his claim that she failed to treat his injuries and (2) his claim that she failed to intervene to protect him from harm by other officers.

Dated: August 15, 2025                                        /s/ Hala Y. Jarbou
                                                              HALA Y. JARBOU
                                                              CHIEF UNITED STATES DISTRICT JUDGE